UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK BOSCO,

    Plaintiff,

v.                                      CASE NO: 8:11-cv-1651-T-26AEP

TAMPA FOOD & BEVERAGE, LLC, d/b/a
The Penthouse Club,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Partial Summary Judgment and Statement of Undisputed Facts (Dkts. 21 & 22), Defendant's Objection to Plaintiff's Undisputed Facts (Dkt. 24), and Defendant's Response (Dkt. 26). After careful consideration of the arguments and the file, the Court concludes there are just enough disputed material facts to avoid entering partial summary judgment.

Some facts are not in dispute. Plaintiff worked as a disc jockey (DJ) at the Penthouse Club from August 2009 to November 2010. Defendant considered Plaintiff an independent contractor and readily admits that it did not pay Plaintiff an hourly wage or any direct wage.[1] Plaintiff's source of income came from the dancers who each paid him

---

[1] See docket 26, Request for Admissions, nos. 4 & 5; docket 22-1 at p. 10. Defendant also considered the dancers to be independent contractors. See docket 22-1 at

$10 or 10 % of their tips, whichever is greater, for the evening.[2] Plaintiff was then required to pay a tip-out to Defendant— the amount changed depending on the day of the week.[3] The only equipment used and owned by Plaintiff was his laptop.[4] The club provided the speakers and sound system.[5] Plaintiff signed an independent contractor agreement with Defendant.

## APPLICABLE LAW

In viewing the facts for purposes of this motion for partial summary judgment, the Court must draw all reasonable inferences in the light most favorable to the non-moving party, the Defendant. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L. Ed. 2d 176 (1962); Welch v. Celotex, 951 F.2d 1235, 1237 (11th Cir. 1992). With respect to determining whether an individual is an employee or an independent contractor, the Eleventh Circuit employs a six-factor test . See Freund v. Hi-Tech Satellite, Inc., 185 Fed. App'x 782, 782-83 (11th Cir. 2006) (unpublished opinion); Parilla v. Allcom Constr.

---

p. 18.

[2]  See docket 26, Interrogatory No. 2; docket 22-1 at p. 10

[3]  See docket 22-1 at p. 21.  Defendant disagrees that the terms of the disc jockeys' compensation was dictated, but rather the disc jockeys could negotiate their rate of pay.

[4]  See docket 22-1 at p. 15.

[5]  See docket 22-1 at p.15.

& Installation Servs., LLC, 2009 WL 2868432, at *2 (M.D. Fla. 2009). The factors are as follows:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>
> (4) whether the service rendered requires a special skill;
>
> (5) the degree of permanency and duration of the working relationship; and
>
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

Many federal courts have construed arrangements between nightclubs and dancers and usually found that the dancers were employees as opposed to independent contractors. See Harrell v. Diamond A Entm't, Inc., 992 F.Supp. 1343, 1347-48 (M.D. Fla. 1997) (noting that Eleventh Circuit had not addressed the issue).[6] The issue of

---

[6] Other cases cited by Plaintiff support a finding that nude or exotic dancers at nightclubs are employees as opposed to independent contractors. See Reich v. Circle C. Invest., Inc., 998 F.2d 324 (5th Cir. 1993) (holding that topless dancers are employees under the FLSA); Thornton v. Crazy Horse, Inc., 2012 WL 2175753 (D. Alaska 2012) (finding that dancers at an adult establishment were employees); Thompson v. Linda and A. Inc., 779 F. Supp. 2d 139 (D.D.C. 2011) (finding that exotic dancers were employees on summary judgment); Clincy v. Galardi South Enters., Inc., 808 F. Supp. 2d 1326 (N.D. Ga. 2011) (finding that exotic dancers were employees on summary judgment); Morse v. Mer Corp., 2010 WL 2346334 (S.D. Ind. 2010) (finding exotic dancers were employees

whether a disc jockey who is tipped by the dancers is an employee or independent contractor in adult entertainment clubs, however, has not been determined.  See Johnson v. VCG Holding Corp., 845 F. Supp. 2d 353, 379 n. 66 (D. Me. 2012) (noting that Clincy v. Galardi South Enterprises, Inc., 808 F. Supp. 2d 1326 (N.D. Ga. 2011), "only addressed whether the dancers were independent contractors or employees and did not reach the DJ question presented here.").

## ANALYSIS

Defendant objects to some of the facts asserted by Plaintiff in that they are unsupported by the record or irrelevant to the determination of whether Plaintiff is an employee or independent contractor.  The Court has reviewed those contentions and finds them noteworthy; however, the main thrust of Defendant's articulated objection is that Plaintiff signed an independent contractor's agreement with Defendant.[7]  Although Plaintiff has not addressed the specific terms of the agreement,[8] it is clear that by its own terms, Defendant is not permitted to either take control over the performances of the disc jockey or take any portion of Plaintiff's tips from customers.  Whether the dancers are

---

on summary judgment).

[7]  The mere fact that an independent contractor's agreement was executed does not necessarily mean that such a relationship existed between the Plaintiff and Defendant for purposes of the FLSA.  See Wilson v. Guardian Angel Nursing, Inc., 2008 WL 2944661, at *11 (M.D. Tenn. 2008).

[8]  Presumably Plaintiff did not have a copy of the agreement until the response was filed.  See docket 21 p. 6 n. 3 "Defendant has been unable to find or produce a copy of the alleged independent contractor agreement."

considered customers has not been determined, and there is no case that analyzes the particular factual scenario here where dancers who receive tips from customers are giving a portion of those tips to the disc jockeys. Johnson, 845 F. Supp. 2d at 379 n. 66. Drawing all reasonable inferences in favor of the Defendant as the non-moving party, the Court finds that some of the material factual issues necessary to analyze the economic realities test under the FLSA, which is a matter of law to be determined by the Court,[9] are best left for further development at a trial.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 21) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on January 3, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[9] See Diaz v. U.S. Century Bank, Int'l Risk Response, Inc., 2012 WL 2514906, at * 1 (S.D. Fla. 2012); Goodrich v. Covelli Family Ltd. P'ship, 2012 WL 921493, at * 2 (M.D. Fla. 2012).